IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RONNIE JONES, # M-13130, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 20 C 5769 |
| ) | |
| DEANNA BROOKHART, Warden, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Ronnie Jones was convicted of solicitation of murder and solicitation of murder for hire on February 19, 2005 following a jury trial, and the trial judge sentenced him to thirty-three years imprisonment for seeking to have his former girlfriend killed. He appealed to the Illinois Appellate Court, which affirmed the judgment on May 14, 2012 but granted him presentence custody credit that he had requested. *People v. Jones*, No. 1–10–1248, at ¶ 2 (Ill. App. Ct. 2012). The Illinois Supreme Court denied Jones's petition for leave to appeal (PLA) on September 26, 2012. *People v. Jones*, 979 N.E.2d 883 (Ill. 2012).

Jones then filed a *pro se* petition for post-conviction relief in the Circuit Court of Cook County. The court clerk received the petition on May 16, 2013, but Jones had placed it in the prison mail system on March 13, 2013. A circuit court judge denied Jones's petition on July 3, 2013; the Illinois Appellate Court affirmed on February 13, 2015, *People v. Jones*, No. 1-13-2516 (Ill. App. Ct. 2015); and the Illinois Supreme

Court denied Jones's PLA on May 27, 2015. *People v. Jones*, 32 N.E.3d 676 (Ill. 2015)).

While his petition for post-conviction relief was pending, Jones filed, on April 9, 2014, a *pro se* petition to vacate the judgment in his criminal case. The petition was "dismissed off call" on May 9, 2014. Jones later filed a motion for leave to file a late notice of appeal from that order, which was denied on January 8, 2015.

On February 14, 2017, Jones filed a *pro se* habeas corpus petition in the Circuit Court of Cook County. A circuit court judge denied the petition on March 10, 2017; the Illinois Appellate Court affirmed on January 17, 2020, *People v. Jones*, No. 1-17-1954 (Ill. App. Ct. 2020); and the Illinois Supreme Court denied Jones's PLA on May 27, 2020. *People v. Jones*, 147 N.E.3d 705 (Ill. 2020).

Jones filed the present *pro se* petition for habeas corpus under 28 U.S.C. § 2254 on September 25, 2020. He asserts the following claims: (1) probable cause was established through false statements; (2) he was improperly denied an evidentiary hearing regarding perjured testimony; (3) he was never formally charged, resulting in an illegal arrest; (4) he was denied a probable cause hearing; delays in the (5) arraignment, (6) hearing, and (7) indictment violated his due process rights; (8) there was improper delay in reviewing and sealing evidence; (9) he was denied a prompt probable cause hearing; (10) his trial and appellate counsel rendered ineffective assistance counsel; (11) there was an improper indictment; and (12) there was a failure to adhere to the Illinois Code of Criminal Procedure. Respondent has moved to dismiss the petition as time-barred.

## Discussion

A person imprisoned by reason of a judgment entered by a state court may petition for a writ of habeas corpus if the state court's decision "was contrary to, or involved in an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings."  *Schmidt v. Foster*, 911 F.3d 469, 476-77 (7th Cir. 2018).

Under 28 U.S.C § 2244(d)(1), there is a one-year time limit for filing a habeas corpus petition.  The one-year clock starts from the "date on which the judgment became final by the conclusion of direct review or the expiration of the time seeking such review."  28 U.S.C. § 2244(d)(1)(A).  The clock does not begin to run until after the ninety-day period when a petition for certiorari may be filed on direct review even if (as in this case) the habeas corpus petitioner did not file such a petition. *Anderson v. Litscher*, 281 F.3d 672, 674-75 (7th Cir. 2002).  The one-year clock stops during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgement or claim is pending."  28 U.S.C. § 2244(d)(2).  The clock then starts again as soon as the state's highest court issues a final ruling on the post-conviction proceedings; the stoppage of the clock on collateral review does not include the time available to petition the U.S. Supreme Court for certiorari.  *Lawrence v. Florida*, 549 U.S. 327, 331, 337 (2007).

Any state collateral or post-conviction proceedings that stop the one-year clock "exclude particular time from the [one] year" during which the federal habeas petition can be filed; such proceedings do "not restart that year."  *De Jesus v. Acevedo*, 567

3

F.3d 941, 943 (7th Cir. 2009). Finally, any state collateral proceedings that begin after the one-year limit for federal habeas petitions has expired are "irrelevant" for stopping the clock. *Id.*

Jones's direct review of his conviction was finalized by the Illinois Supreme Court on September 26, 2012. After adding the ninety days during which he could have petitioned for review by the Supreme Court, the time for seeking direct review expired on December 25, 2012, and the one-year period for Jones to file a habeas corpus petition in federal court began on that date. *Anderson*, 281 F.3d at 674-75.

The clock paused when Jones petitioned for post-conviction review on March 13, 2013, after seventy-seven days of the one-year limitations period had elapsed. The clock started again once the Illinois Supreme Court denied Jones's PLA on the post-conviction petition, May 27, 2015; as noted earlier, the time to petition the Supreme Court for certiorari on collateral review does not stop the clock. *Lawrence*, 549 U.S. at 331.

Once the clock resumed again on May 27, 2015, Jones had 288 days remaining on the one-year period, as the post-conviction proceedings stopped but did not reset the time limit. *De Jesus*, 567 F.3d at 943. For this reason, the one-year period for filing a federal habeas corpus petition expired on March 10, 2016.

During the post-conviction proceedings, Jones also filed a petition for relief from judgment in the Circuit Court of Cook County on March 26, 2014. This petition, however, was pending at the same time as Jones's post-conviction petition, and the proceedings on the petition for relief from judgment ended in January 2015, while proceedings on his state post-conviction petition were still ongoing. Concurrent state

4

post-conviction proceedings do not add to the tolled time; rather, the clock begins to run again following the conclusion of the latest of the pending collateral proceedings. *See Carpenter v. Douma*, 840 F.3d 867, 869 (7th Cir. 2016) (starting the statutory clock at the conclusion of collateral review when that proceeding was concurrent with direct review, rather than adding tolled time from the collateral review to the one-year limit). Because the entire proceeding Jones's petition for relief from judgment occurred while the post-conviction review was pending, the petition for relief from judgment does not add to the tolled time under section 2244(d)(2).

Jones also filed a petition for habeas corpus in state court on February 14, 2017. This proceeding is of the type that would suspend the running of one-year limitations period, as it was "properly filed . . . collateral review with respect to the pertinent judgment." 28 U.S.C. § 2244(d)(2); *see Simms v. Acevedo*, 595 F.3d 774, 776-77 (7th Cir. 2010) (resuming the one-year limitations period after the Illinois Supreme Court denied a PLA on a properly-filed state habeas corpus petition).

Accordingly, if the one-year clock had still been running when Jones filed the state habeas corpus petition in February 2017, it would have stopped until the Illinois Supreme Court denied Jones's PLA on that petition, namely, until May 27, 2020. But by the time Jones filed the state habeas corpus petition, his one-year federal habeas corpus time limit had already expired about eleven months earlier, in March 2016. Thus the state habeas corpus petition is irrelevant for purposes of calculating the timeliness of Jones's federal habeas corpus petition. *De Jesus*, 567 F.3d at 943.

In sum, when Jones filed his federal habeas corpus petition on September 25, 2020, that was four years, six months, and fifteen days beyond the expiration of the

5

one-year limit under 28 U.S.C. § 2244(d)(1).

A habeas corpus petition that is filed after expiration of the statutory limitations period may be timely by way of equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 634 (2010). In order for equitable tolling to apply, the petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id*. at 649 (internal quotation marks and citation omitted). Jones bears the burden of establishing both of these points. *Socha v. Boughton*, 763 F.3d 674, 683 (7th Cir. 2014). Though the bar is high, it is not impossible to clear, and it depends on "the entire hand the petitioner was dealt." *Id.* at 684-86.

Jones argues that he faced extraordinary circumstances justifying the delay in filing his habeas petition on time. Qualifying circumstances must be "both extraordinary and beyond [the petitioner's] control." *Lombardo v. United States*, 860 F.3d 547, 552-53 (7th Cir. 2017) (quoting *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 257 (2016)).

First, Jones references the difficulty of adhering to court procedures while incarcerated. The fact of incarceration, however, does not qualify as an extraordinary circumstance. *Johnson v. McCaughtry*, 265 F.3d 559, 566 (7th Cir. 2001). Like Jones, the petitioner in *Johnson* argued that the "circumstances of incarceration make it difficult for a prisoner-petitioner to ensure that petitions are filed on a timely basis." *Id*. at 556. The court determined, however, that because petitions for habeas corpus are almost always submitted by a person in custody, this does not constitute an extraordinary circumstance. *Id*. Although Jones points out that he has been imprisoned in his current

facility since October 2014 and has struggled to receive assistance to file his petition, he has not shown that his circumstances are any more severe than those of any incarcerated habeas corpus petitioner.

Jones also describes his lack of familiarity with the legal system as a basis for equitable tolling. He has proceeded *pro se* for a majority of his appeals and, as he puts it, has needed to "fend for himself." Like being in custody, however, this is true of most habeas corpus petitioners and "thus by definition is not 'extraordinary.'" *Gray v. Zatecky*, 865 F.3d 909, 912-13 (7th Cir. 2017). This argument does not advance the case for equitable tolling.

Jones also argues that he was unable to file a timely petition due to the lack of access to the prison law library. The Seventh Circuit has held, however, that "limited access to the prison law library is not grounds for equitable tolling." *Tucker v. Kingston*, 538 F.3d 732, 735 (7th Cir. 2008). Rather, the petitioner must be "almost totally deprived of meaningful library access" for there to be an extraordinary circumstance warranting equitable tolling. *Gray*, 865 F.3d at 913 (comparing Gray, who had 43 days and limited library access to file a habeas corpus petition, with the petitioner in *Socha v. Boughton*, who was in administrative segregation during the few days he could file his petition). And the petitioner must show that the lack of access to a law library impeded his filing of a habeas corpus petition before its due date. *See United States ex rel. Ames v. Lemke*, No. 13 C 2826, 2013 WL 5718206, at *2 (N.D. Ill. Oct. 21, 2013).

Jones asserts multiple difficulties that he says affected the usefulness of the prison law library. Specifically, he describes a cumbersome process to request case law that takes up to thirty days just to get one case; five different head library clerks,

7

which he says has affected the continuity of service; further restriction of library access due to extensive lockdowns at the prison; lack of access to his own storage boxes to retrieve case law and correspondence, etc., since the summer of 2019; and the closure of the law library since March 2020 due to the COVID-19 pandemic. But these events all took place after the one-year deadline for Jones to file a federal habeas corpus petition ran out in March 2016. Thus they have no impact on the timeliness of Jones's petition. *See Ames*, 2013 WL 5718206, at *2.

Jones also argues that he received ineffective assistance of counsel that impeded his appeals and petitions. He contends that his appointed trial and appellate counsel were "completely ineffective." Reply to Resp.'s Mot. to Dismiss ¶ 7. But the Seventh Circuit has distinguished between ineffective-assistance-of-counsel claims that relate to the filing of a habeas petition, which may be considered as a basis for equitable tolling, and ineffective assistance of *trial* counsel claims, which are not. *Lombardo*, 860 F.3d at 552-53, 557-58. Ineffective assistance of counsel claims that concern the trial proceedings and direct appeal are not relevant for purposes of equitable tolling when, as in this case, there is no indication that counsel's ineffectiveness interfered with the timely filing of a habeas corpus petition. *See United States ex rel. Topps v. Chandler*, No. 12 C 3028, 2013 WL 1283812, at *6 (N.D. Ill. Mar. 26, 2013); s*ee also Coleman v. Gaetz*, No. 09 C 8008, 2010 WL 3802360, at *4 (N.D. Ill. Sept. 27, 2010).

Jones contends that his trial and appellate counsel failed to raise claims and fight effectively for him, leaving him without "adequate professional assistance." Reply to Resp.'s Mot. to Dismiss, ¶ 8. But Jones cites nothing connecting these attorneys'

alleged failings to the timely filing of his federal habeas corpus petition. This renders his ineffective assistance of counsel argument inapplicable to the question of equitable tolling. See Lombardo, 860 F.3d at 557-58.

The other requirement needed to support equitable tolling is the petitioner's reasonable diligence in pursuing his claim. Reasonable diligence means active pursuit of information despite delays. See Gray, 865 F.3d at 913 (comparing Gray, who waited during the 113 days it took Indiana Court of Appeals to send his file, with the petitioner in Socha, who sent a "stream of requests" while unable to access his file). "[R]easonable effort *through the limitations period* is required." Mayberry v. Dittman, 904 F.3d 525, 531 (7th Cir. 2018) (emphasis added).

Jones argues that he made painstaking efforts to pursue his petition, including writing to the Illinois House of Representatives and the Clerk of the Circuit Court of Cook County, and he has included Freedom of Information Act (FOIA) requests dated September 28, 2016, November 17, 2016, January 17, 2017, March 13 2019, and November 20, 2019. All of these requests, however, postdate the March 10, 2016 expiration of Jones' one-year filing limit. The Court also notes that Jones appears to have been fully capable of filing his state habeas corpus petition in February 2017 (including later appeals), despite the missing information he references now.

Jones also says that he has been requesting information regarding his case, including transcripts of the proceedings, a copy of the conviction, and a copy of the complaint for preliminary hearing, some of which took over a year to obtain. Beyond the FOIA requests, however, Jones has not documented his assertion. And in any event, Jones has not shown that he was actively pursuing these matters during the period

9

between the conclusion of his post-conviction proceedings, May 27, 2015, and the end of the one-year period to file, March 10, 2016, when the one-year clock ran out.

For these reasons, the Court concludes that Jones's federal habeas corpus petition is time-barred and therefore grants respondent's motion to dismiss.

When a court denies a petition for habeas corpus, it must issue or deny a certificate of appealability (COA). A court should grant a COA only if the applicant has made a substantial showing of the denial of a constitutional right. *Ouska v. Cahill-Masching*, 246 F.3d 1036, 1045 (7th Cir. 2001). When, as in this case, the habeas corpus petition is denied on procedural grounds, a COA "should issue . . . if the [petitioner] shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000) (emphasis added). In this case, reasonable jurists would not differ over whether the petition is time barred, as all of the circumstances cited by Jones as a basis to extend or toll the limitations period took place after it had already expired.

## Conclusion

For the reasons stated above, the Court grants respondent's motion to dismiss [dkt. no. 9] and directs the Clerk to enter judgment dismissing the petition for habeas corpus. The Court declines to issue a certificate of appealability.

Date: June 21, 2021

_____
MATTHEW F. KENNELLY
United States District Judge